UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE Y. COE, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Cause No. 1:13-cv-240-WTL-TAB |
| ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., et al. ) | |
| ) | |
| **Defendants.** ) | |

## ENTRY ON DEFENDANTS' MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by the Defendants, Mortgage Electronic Registration Systems, Inc. ("MERS"), Crestar Mortgage ("Crestar"), and Suntrust Mortgage, Inc. ("Suntrust") (dkt. no. 9). The motion is fully briefed, and the Court, being duly advised, **GRANTS** the motion to dismiss for the reasons set forth below.

### I.     PLAINTIFF'S ALLEGATIONS

Coe is proceeding pro se in this matter. As such, the Court is required to liberally construe her complaint. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quotation marks and citation omitted).

Coe alleges in her "Complaint for Wrongful Foreclosure" that the Defendants foreclosed on her home in 2003. Coe now argues that the Defendants "did not have standing and thus wrongfully foreclosed [on] the property." Compl. at ¶ 2. According to Coe, another mortgage company, Bayview Financial Property Trust ("Bayview"), previously filed a foreclosure action

against her to recover the same home. Although Coe claims that the Bayview foreclosure action was dismissed on January 15, 2003, Coe alleges that Bayview was the true owner of the note and mortgage. Because there was "no conveyance from Bayview . . . to [Suntrust] or Bayview . . . to MERS," Coe believes that the Defendants did not have standing to foreclose on her home. *Id*. In short, Coe argues that the Defendants' lack of standing created a "fraud on the court," such that she "has the constitutional right to have the benefit of said property and damages." *Id*. at ¶ 6.

## II.  DISCUSSION

The Defendants argue that Coe's complaint should be dismissed because, according to the *Rooker-Feldman* doctrine, this Court lacks subject-matter jurisdiction over the case.

> Simply put, the *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." . . . Therefore, if a claim is barred by the *Rooker-Feldman* doctrine, the federal court lacks subject matter jurisdiction over the case.

*Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (quoting *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002)).

> In applying the *Rooker-Feldman* doctrine, the immediate inquiry is whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. Claims that directly seek to set aside a state court judgment are de facto appeals and are barred without additional inquiry. However, federal claims presented to the district court that were not raised in state court or that do not on their face require review of a state court's decision may still be subject to *Rooker-Feldman* if those claims are inextricably intertwined with a state court judgment. . . . The determination hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy.

*Taylor*, 374 F.3d at 533 (quotation marks and citations omitted). If the claim is inextricably intertwined with the state court judgment, a court must then determine whether the plaintiff had

"'a reasonable opportunity to raise the issue in state court proceedings.'" *Id*. (quoting *Brokaw*, 305 F.3d at 668). "If the plaintiff could have raised the issue in state court proceedings, the claim is barred under the *Rooker-Feldman* doctrine. If not, the suit is free to proceed in federal court (subject to any claim preclusion defenses)." *Taylor*, 374 F.3d at 533.

In *Taylor*, after the plaintiff lost her home in a foreclosure action, she filed a lawsuit in state court alleging, among other things, that the defendants in the foreclosure action had committed a fraud on the court "by instituting a wrongful foreclosure action against her." *Id*. at 531. The plaintiff sought "to recover her home, or equal monetary value plus interest of 10% per annum, plus punitive damages." *Id*. at 533. The defendants removed the matter to federal court based on federal question jurisdiction. The district court, however, "dismissed [the] suit with prejudice for lack of subject matter jurisdiction because it implicated the *Rooker-Feldman* doctrine." *Id*. at 531. On appeal, the Seventh Circuit agreed with the district court and held that the *Rooker-Feldman* doctrine barred relief in federal district court because the plaintiff's request to recover her home was "tantamount to a request to vacate the state court's judgment of foreclosure." *Id*.

This case is almost identical to the case in *Taylor*. Here, Coe alleges that the Defendants committed a "fraud on the court" and that "she should [have] been the prevailing party in [the foreclosure] cause of action." Compl. at ¶ 6. She also seeks "the benefit of [her] property and damages." *Id.* Coe's request is clearly "tantamount to a request to vacate the state court's judgment of foreclosure." *Taylor*, 374 F.3d at 533. Accordingly, the Court lacks subject-matter jurisdiction over Coe's claims pursuant to the *Rooker-Feldman* doctrine.[1]

---

[1] The Defendants alternatively argue that Coe's complaint is barred by the applicable statute of limitations. Because this Court lacks subject-matter jurisdiction over the case, the Court need not and does not address Defendants' statute of limitations argument.

### III. CONCLUSION

For the reasons set forth above, the Defendants' motion to dismiss is **GRANTED** and the Plaintiff's complaint is **DISMISSED** for lack of subject-matter jurisdiction.

SO ORDERED: 05/21/2013

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by U.S. Mail to:**

    **Michelle Y. Coe**
    **733 E. 33rd Street**
    **Indianapolis, IN 46205**

Copies to all counsel of record via electronic communication.