UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHELLE Y. COE et al, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, ) <br> INC. *its successors and assigns, as nominee for* ) <br> *Ingomar LP, its successors and assigns (MERS)* ) <br> and SUNTRUST MORTGAGE, INC. ) <br> f/k/a Crestar Mortgage Corporation, ) <br> ) <br> *Defendants*. ) | No. 1:13-cv-00240-JMS-TAB |

**ORDER**

Over twenty years ago, *pro se* Plaintiff Ms. Michelle Coe lost her home due to a foreclosure in a state court case. [Filing No. 1.] Over ten years ago, Ms. Coe filed suit in this Court, alleging that Defendants Mortgage Electronic Registration Systems, Inc ("MERS") and Suntrust Mortgage, Inc. ("Suntrust") perpetuated fraud on the Court. [Filing No. 1.] The Court dismissed the case for lack of subject-matter jurisdiction due to the *Rooker-Feldman* doctrine. [Filing No. 19.] Ten years later, Ms. Coe has now filed a Motion to Set Aside the Final Order, in which she make substantially the same allegations as in her Complaint [Filing No. 46.] The Motion is ripe for the Court's consideration.

**I.**
**DISCUSSION**

Ms. Coe asserts in her Motion to Set Aside the Final Order that "the final order relied on the defendant's misrepresentation of ownership" amounting to "fraud on the court." [Filing No. 46 at 2.] In support of her assertions, Ms. Coe attaches the Hamilton County Circuit Court Case Summary from her state court case, [Filing No. 46 at 2; Filing No. 46-1.] She asserts that MERS

1

"is only the agent of the actual mortgagee," while the Case Summary shows Bayview Financial Property Trust as "the recognized actual mortgagee." [Filing No. 46 at 2.] According to Ms. Coe, this was a violation of Federal Rule of Civil Procedure 17(a)(1), which requires that "[a]n action must be prosecuted in the name of the real party in interest." [Filing No. 46 at 2.] Ms. Coe maintains that MERS "did not having standing as a real party in interest under the Rules." [Filing No. 46 at 2.] To further support that point, Ms. Coe states that "files were destroyed on or about 1993, however, in 2002 [she] was able to provide evidence showing the court the robo signed documents with conflicting time stamps were not authentic." [Filing No. 46 at 2.] Ms. Coe maintains that "the court sympathized with opposing counsel and denied" her rights, that "[i]t appeared to be an inconvenience to allow justice to prevail," and that "it was OK for [her] property to be taken." [Filing No. 46 at 2.] Ms. Coe asserts that her case has been "timely pursued" with "new evidence." [Filing No. 46 at 2.] She demands "100 million dollars in damages." [Filing No. 46 at 3.]

    Defendants state in their response that Ms. Coe "offers no evidence to support her contention that [they] committed 'fraud on the court.'" [Filing No. 50 at 1.] They state that Ms. Coe "simply restates the allegations from her Complaint—a collateral challenge to a state-court judgment over which the Court lacks jurisdiction under the *Rooker-Feldman* doctrine." [Filing No. 50 at 1.] Defendants state that the time period for alleging fraud on the court has long passed, that Ms. Coe "cannot establish fraud on the court," and that Ms. Coe "cannot credibly claim that the [] Case Summary . . . which was available when she filed her Complaint, provides evidence of fraud on the court." [Filing No. 50 at 2-5.] They explain that the Court "correctly determined it lacked jurisdiction" because of the *Rooker-Feldman* doctrine. [Filing No. 50 at 6.] Defendants

conclude that Ms. Coe's "unsubstantiated allegations of fraud do not change the sound reasoning of the Court's Entry" "more than 10 years ago." [Filing No. 50 at 7.]

Ms. Coe did not submit a reply.

Ms. Coe's Motion is governed by Federal Rule of Civil Procedure 60(b), which provides the grounds for granting relief from final judgments due to fraud on the court. To demonstrate fraud on the court, Ms. Coe appears to suggest that in 1993 certain of her case files were destroyed improperly. She attaches a Case Summary that shows the following note: "03/24/2005 File destroyed pursuant to Admin. Rule 7 Retention Schedule. Copy of CCS kept, per Judges' meeting of 11/19/93." [Filing No. 46-1 at 2.] "Admin. Rule 7 Retention Schedule," refers to Administrative Rule 7, which determines when an Indiana court must destroy certain case files. *See generally* Ind. Admin. R. 7, https://www.in.gov/courts/rules/admin/#_Toc152164459 (Judicial Retention Schedules) (last visited May 21, 2024). Consequently, this note, typical of a proper court docket, clearly indicates that the underlying files in the litigation were disposed of by the state court itself after the conclusion of that case two years earlier. It does not indicate that anything sinister occurred to merit a finding of fraud on the court by the Defendants, as Ms. Coe appears to argue.

Even if there were fraud on the Court, Rule 60(c) requires a motion due to fraud to be made within one year. Ms. Coe's Motion was filed late by nearly ten years.

Regardless, as the Court explained over ten years ago:

> [T]he *Rooker-Feldman* doctrine "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." . . . Therefore, if a claim is barred by the *Rooker-Feldman* doctrine, the federal court lacks subject-matter jurisdiction over the case.

[Filing No. 19 at 2 (quoting *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004)]. Consequently, even if there were fraud on the state court and Ms. Coe's Motion was

3

actually timely, "the relief granted when a claim of fraud on the court succeeds is that the party claiming fraud is relieved from the judgment, i.e., the judgment is set aside." *Taylor*, 374 F.3d at 533. So the Court "correctly determined that requesting recovery of her home is tantamount to a request to vacate the state court's judgment of foreclosure." *Id.*

As Defendants have stated, there is no evidence of fraud either on this Court or the state court, there is no new evidence, and the *Rooker-Feldman* doctrine still prevents the Court from having jurisdiction. The Court's determination over ten years ago remains undisturbed, [Filing No. 19], and Ms. Coe's Motion to Set Aside the Final Order, [Filing No. 46], is **DENIED**.

## II.
## CONCLUSION

Based on the foregoing, the Court **DENIES** Ms. Coe's Motion to Set Aside the Final Order, [46.]

Date: 5/22/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHELLE Y. COE
733 E. 33rd Street
Indianapolis, IN 46205

Darren Andrew Craig
Frost Brown Todd LLP
dcraig@fbtlaw.com

4

Bruce Benjamin Paul
STITES & HARBISON, PLLC (Jeffersonville)
bpaul@mcbrayerfirm.com