UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE Y. COE, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00240-JMS-TAB |
| | ) | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and SUNTRUST MORTGAGE, INC., | ) ) ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

*Pro se* Plaintiff Michelle Coe initiated this lawsuit over twelve years ago, after she lost her home to foreclosure more than ten years before that. [Filing No. 1.] She sued Defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Suntrust Mortgage, Inc. ("Suntrust"), alleging that they had perpetrated fraud on the Court. [Filing No. 1.] This case was dismissed for lack of subject-matter jurisdiction in 2013, [Filing No. 19], the Court denied Ms. Coe's Motion to Set Aside the Final Order more than a year ago, [Filing No. 51], and Ms. Coe has now filed a Motion to Reconsider Order Denying Motion to Set Aside Final Order for Fraud on the Court and Motion for Summary Judgment, [Filing No. 52], and an Emergency Motion for Contempt, Writ of Possession, Asset Freeze, and Injunction, [Filing No. 55]. Both pending motions are ripe for the Court's decision.

**I.**
**BACKGROUND**

Ms. Coe alleged in her Complaint that Defendants foreclosed on her home in 2003 and "did not have standing and thus wrongfully foreclosed [on] the property." [Filing No. 1 at 3.] She alleged that Bayview Financial Property Trust ("Bayview") was the true owner of the mortgage on

1

her home and that Defendants' lack of standing to foreclose created a "fraud upon the court" and gave her "the constitutional right to have the benefit of said property and damages." [Filing No. 1 at 5.]

On May 21, 2013, the Court granted Defendants' Motion to Dismiss, finding that it lacked subject-matter jurisdiction under the *Rooker-Feldman* doctrine because Ms. Coe's lawsuit was "'tantamount to a request to vacate the state court's judgment of foreclosure.'" [Filing No. 19 at 3] (quoting *Taylor v. Federal Nat. Mortg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004)).] The Court entered Final Judgment. [Filing No. 20.] Ms. Coe appealed the Court's decision to the Seventh Circuit Court of Appeals, but her appeal was dismissed for failure to pay the filing fee. [Filing No. 21; Filing No. 31.]

In October and November 2014, Ms. Coe filed a Motion to Set Aside Judgment and Motion for Summary Judgment, [Filing No. 32], a Motion to Quash Order, [Filing No. 34], and a Motion for Reconsideration, [Filing No. 36], all of which the Court denied, [Filing No. 33; Filing No. 35; Filing No. 37]. She then appealed the Court's decisions to the Seventh Circuit, [Filing No. 40], but her appeal was again dismissed for failure to pay the filing fee, [Filing No. 44].

Over eight years after the Seventh Circuit dismissed her second appeal, Ms. Coe filed a Motion to Set Aside the Final Order, [Filing No. 46], which the Court denied on May 22, 2024, [Filing No. 51]. Over a year after that, on July 21, 2025, Ms. Coe filed the pending Motion to Reconsider Order Denying Motion to Set Aside Final Order for Fraud on the Court and Motion for Summary Judgment, in which she asks the Court to reconsider its May 22, 2024 Order denying her Motion to Set Aside the Final Order and "renews her Motion for Summary Judgment under Rule 56." [Filing No. 52.] On August 18, 2025, she filed an Emergency Motion for Contempt, Writ of Possession, Asset Freeze, and Injunction. [Filing No. 55.]

## II.
### MOTION TO RECONSIDER ORDER DENYING MOTION TO SET ASIDE FINAL ORDER FOR FRAUD ON THE COURT AND MOTION FOR SUMMARY JUDGMENT

**A.   Motion to Reconsider**

*1.   Standard of Review*

A motion to reconsider is analyzed under Federal Rule of Civil Procedure 59(e) when it is brought within twenty-eight days of the entry of final judgment, but under Federal Rule of Civil Procedure 60(b) when it is brought outside of that timeframe. *See Barnett v. Raoul*, 844 F. App'x 916, 918 (7th Cir. 2021) ("A Rule 59(e) motion must be filed within 28 days of the entry of judgment, and this time limit is unyielding. When a party files a post-judgment motion outside the 28-day window, we treat it as a Rule 60(b) motion.") (quotation and citation omitted).

"Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 F. App'x 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quotations and citations omitted); *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1186, 1191 (7th Cir. 1990) (citation omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Id.* (quotation and citation omitted). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion*." Caisse Nationale*, 90 F.3d at 1270. Arguments that the district court has already considered and rejected, and any contention that the district court "was in error on the issues it already considered[,] should be directed to the court of appeals," not raised in a motion for

3

reconsideration. *United States v. ITT Educ. Servs., Inc.*, 2012 WL 266943, at *8 (S.D. Ind. Jan. 30, 2012).

    2. *Discussion*

  Ms. Coe argues in her Motion to Reconsider that the Court's previous application of the *Rooker-Feldman* doctrine was based on fraud and that "[t]he mortgage assignment used to initiate foreclosure was fabricated for the purpose of litigation." [Filing No. 53 at 2.] She asserts that the Assignment of Mortgage she attaches to her brief in support of her Motion "demonstrates that it was robo-signed, time-stamped inconsistently, and not executed by an authorized agent," and that "MERS never held the note and had no standing to assign the mortgage." [Filing No. 53 at 2.] In her Motion, she contends that the Assignment of Mortgage "includes conflicting time stamps, unauthorized signatures, and was created for litigation purposes only." [Filing No. 52 at 1.]

  In their response, Defendants argue that Ms. Coe's Motion to Reconsider is untimely, that Ms. Coe sets forth the same arguments that she alleged in her Complaint, and that she has not presented any new evidence. [Filing No. 54 at 5.] They argue further that the Court correctly dismissed the lawsuit for lack of subject-matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. [Filing No. 54 at 5-7.]

  Ms. Coe did not file a reply.

  The Court first addresses the timing of Ms. Coe's Motion to Reconsider. Rule 60 provides that a motion brought due to "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b)(3) and (c). Ms. Coe filed her Motion to Reconsider on July 21, 2025 – more than a year after the Court issued the May 22, 2024 Order she wishes for the Court to reconsider. Ms. Coe's Motion to Reconsider,

[Filing No. 52], is **DENIED AS UNTIMELY** to the extent she seeks reconsideration of the Court's May 22, 2024 Order.

Although the Court denies Ms. Coe's Motion to Reconsider based on untimeliness alone, it briefly discusses the merits of the Motion. Ms. Coe bases her claim of "fraud on the Court" on the Assignment of Mortgage. But the Assignment of Mortgage is not new evidence and Ms. Coe alleged in her Complaint over twelve years ago that the assignment was fraudulent. [*See, e.g.*, Filing No. 1 at 4.] Ms. Coe is simply rehashing arguments she has already made, which is not proper on a motion to reconsider. *Caisse Nationale*, 90 F.3d at 1270. The Court stands by its finding – set forth numerous times in this litigation – that the *Rooker-Feldman* doctrine prevents the Court from exercising jurisdiction over this matter. [*See* Filing No. 19; Filing No. 51.] Ms. Coe's Motion to Reconsider is also **DENIED** on the merits. [Filing No. 52.]

### B.     Motion for Summary Judgment

Ms. Coe also requests in her Motion that the Court grant summary judgment in her favor because "[t]here are no genuine issues of material fact regarding the invalidity of the foreclosure and assignment." [Filing No. 53 at 2.] Because the Court does not have subject-matter jurisdiction over this case, Ms. Coe's request that the Court grant summary judgment is **DENIED**. [Filing No. 52.]

### III.
### EMERGENCY MOTION FOR CONTEMPT, WRIT OF POSSESSION, ASSET FREEZE, AND INJUNCTION

In her Emergency Motion, Ms. Coe request that the Court issue an order "holding Defendants in contempt for unlawful possession of the property, granting an emergency writ of possession, imposing an asset freeze, and issuing a permanent injunction to prevent further fraudulent transfers or encumbrances of the subject property." [Filing No. 55 at 1.] The Court

notes that labeling a motion "Emergency" does not make it so and that is particularly true here, where Ms. Coe has not presented any newly-discovered evidence, waited over a year after the Court's May 22, 2024 denial of her Motion to Set Aside the Final Order to file the "Emergency" motion, and did not even appeal the Court's May 22, 2024 Order to the Seventh Circuit Court of Appeals. In any event, because the Court does not have jurisdiction over this matter pursuant to the *Rooker-Feldman* doctrine, it **DENIES** Ms. Coe's Motion for Contempt, Writ of Possession, Asset Freeze, and Injunction. [Filing No. 55.]

### IV.
### CONCLUSION

For the foregoing reasons, the Court **DENIES** Ms. Coe's Motion to Reconsider Order Denying Motion to Set Aside Final Order for Fraud on the Court and Motion for Summary Judgment, [52], and her Emergency Motion for Contempt, Writ of Possession, Asset Freeze, and Injunction, [55]. This matter remains **CLOSED**.

Ms. Coe is **CAUTIONED** that any further motions filed in this matter will be summarily denied for lack of jurisdiction. Additionally, the filing of further motions by Ms. Coe may result in the imposition of sanctions in the form of a fine.

Date: 8/27/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF to all counsel of record**

**Distribution via United States Mail to:**

Michelle Y. Coe
733 E. 33rd St.
Indianapolis, IN 46205

Michelle Y. Coe
481 SW 58th Ave.
Plantation, FL 33317

6